PROB 12C
(6/16)

Report Date: July 19, 2024

# United States District Court

#### for the

#### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 19, 2024

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Tasha Ann Johnson          Case Number: 0980 2:18CR00018-JAG-2

Address of Offender: Unknown

Name of Sentencing Judicial Officer: The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge
Name of Supervising Judicial Officer: The Honorable James A. Goeke, U.S. Magistrate Judge

Date of Original Sentence: December 6, 2018

| | | |
|---|---|---|
| Original Offense: | Felon in Possession of a Firearm, 18 U.S.C. § 922 | |
| Original Sentence: | Prison - 20 months<br>TSR - 36 months | Type of Supervision: Supervised Release |
| Revocation Sentence:<br>(June 8, 2023) | Prison - 13 months<br>TSR - 23 months | |
| Asst. U.S. Attorney: | David Michael Herzog | Date Supervision Commenced: May 7, 2024 |
| Defense Attorney: | Molly Marie Winston | Date Supervision Expires: April 6, 2026 |

### PETITIONING THE COURT

To issue a warrant.

On May 9, 2024, a supervision intake was completed. At that time, a probation officer reviewed her judgment with her. Ms. Johnson signed a copy of her judgment indicating an understanding of the conditions imposed by the Court.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #1**: You must reside in a residential reentry center (RRC) for a period up to 180 days at the direction of the supervising officer. Your participation in the programs offered by the RRC is limited to employment, education, treatment, and religious services at the direction of the supervising officer. The defendant shall abide by the rules and requirements of the facility.<br><br>**Supporting Evidence**: It is alleged that Tasha Johnson violated the terms of her supervised release by absconding from the RRC, on or about July 18, 2024. |

Prob12C
Re: Johnson, Tasha Ann
July 19, 2024
Page 2

On May 10, 2024, Tasha Johnson entered the RRC as directed. On July 18, 2024, she appeared for a Sobriety Treatment and Education Program (STEP) session. At that time, she expressed her desire to be discharged from the RRC. The STEP team expressed concerns surrounding her mental health. She had not been taking her prescribed mental health medications and there were observations by both RRC staff, as well as the probation officer, that Ms. Johnson had been displaying very high and low mood swings. She was asked to focus on her mental health, and told the undersigned would work with her in the hopes of having her approved to be discharged from the RRC in the near future.

After the STEP session concluded, the undersigned followed up with Ms. Johnson. This officer explained to her that the STEP team wants her to be successful and stable. She was reminded of concerns not only surrounding her mental health, but also her ability to pay rent if she were to be discharged from the RRC. Ms. Johnson had previously reported a surgery she has scheduled for July 31, 2024. She was advised that the undersigned would like her to be able to discharge from the RRC prior to her surgery date. She was also reminded of the things the undersigned would like to verify, to include, medical documentation regarding her mental health to suggest she does not need her mental health medications.

Ms. Johnson asked if she could discharge from the RRC the next day. She was again advised of what is being asked of her for RRC discharge to occur and was advised that once the undersigned is able to verify those things, then she would be approved to be discharged.

Ms. Johnson returned to the RRC and informed RRC staff that she was approved to discharge from the RRC. She packed up her belongings, as she wanted to leave. RRC staff advised her that they could not officially discharge her without the approval of the probation officer. Ms. Johnson advised that she is, "public law and could do what she wanted," and then left the facility.

2       **Standard Condition #5**: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 calendar days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: It is alleged that Tasha Johnson violated the terms of her supervised release by failing to live at a place approved by the probation officer and failing to report a change in residence on or about July 18, 2024.

On July 18, 2024, as noted in the above alleged violation number 1, Tasha Johnson absconded from the RRC. She was not approved to discharge from the RRC, and she did not have an alternate approved residence.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

**Prob12C**
**Re: Johnson, Tasha Ann**
**July 19, 2024**
**Page 3**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  July 19, 2024

s/Melissa Hanson

Melissa Hanson
U.S. Probation Officer

---

THE COURT ORDERS

[ ]  No Action
[X]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  Other

*[signature]*

Signature of Judicial Officer

7/19/24

Date